## Warren & al. vs. Thacher.

The defendant gave D. a permit to cut logs upon his land, for an agreed price per thousand; the lumber to be holden to pay stumpage, and all supplies furnished by the former. D. employed the plaintiff to cut under the permit; and after the latter had labored two months, the defendant gave him a memorandum in writing, agreeing to pay him his wages out of the nett proceeds of the lumber, when sold. The logs sold for more than enough to pay the stumpage, but not enough to pay for both stumpage and supplies. *Held,* that the defendant was liable on this promise, and that he could make no deduction for the supplies from the proceeds of sale, and thus defeat the plaintiff's claim for his wages.

This was an action of *assumpsit,* upon the following promise or memorandum in writing, *viz.* " Whereas *Artemas Warren* and " Son are hauling lumber for *Hatcil Delano,* the present season, " I hereby agree to pay said *Warrens* their wages of twenty-eight " dollars per month, for a team of four oxen and driver, out of " the nett proceeds of said lumber, when sold by me.

" Samuel Thacher, Jr.

" *February* 4, 1832."

It was admitted that the plaintiffs worked two months, commencing *Dec.* 1, 1831.    That, the defendant, or *Thacher & Parker,* who were to be considered as representing him, received in *May* or *June,* 1832, 547 logs, which he sold for $536.

The logs were cut under the following " permit," *viz.* " Hat-" *cil Delano* has permission to enter upon and cut and haul pine " logs from lot No. 18, west side of the *Bennock* road, provided " he shall pay one dollar per thousand for the stumpage thereof; " the same to be scaled at the joint expense of the parties.    The " lumber holden to pay stumpage and all supplies furnished by " the grantors of this permit : To expire *April* 1*st,* 1832.

" Thacher & Parker.

" *July,* 1831."

It was agreed that *Thacher & Parker* furnished *Delano,* and one *Willis,* whom he had associated with him, and who represented *Delano,* supplies to the amount of $735,21, to enable them to carry on their business under the foregoing permit.    The stumpage on the lumber was $126,20.    The plaintiffs were originally employed by *Delano.*

Upon these facts the case was submitted for the opinion of the Court.

*Kent,* for the defendant, argued that no action could be maintained upon the promise of the defendant, for it was to pay the debt of another, and was without consideration. The work was all done before the promise was made, the former commencing 1*st* of *December,* 1831, while the latter was dated *February 4th,* 1832. This case comes within the second class of cases mentioned by *C. J. Kent,* in *Leonard* v. *Vandenburg,* 8 *Johns.* 29. And the cases of *Waine* v. *Walters,* 5 *East,* 10 ; *Sears* v. *Brink,* 3 *Johns.* 211 ; *Packard* v. *Richardson,* 17 *Mass.* 120, and numerous other cases, establish the position that there must be a consideration either expressed or proved, although the agreement is in writing. And that where the collateral undertaking is subsequent to the creation of the debt, a new consideration between the parties must be proved. See also, *Cook* v. *Bradley,* 7 *Con. Rep.* 57 ; *Mills* v. *Wyman,* 3 *Pick.* 207.

2. But viewing it as an accepted order, the defendant still is not liable. He was not to pay absolutely, but " out of the nett " proceeds" of the lumber received. And as the lumber was insufficient to pay the charges upon it, no right of action accrues to the plaintiffs.

In support of his general reasoning in the case, he further cited, *Campbell* v. *Pettingall,* 7 *Greenl.* 126 ; 2 *Wheeler's Abr.* 236 ; *Storer* v. *Logan,* 9 *Mass.* 60.

*J. Appleton,* for the plaintiff.

EMERY J. — This is an action of *assumpsit* on the following engagement of the defendant : " Whereas *Mr. Artemas Warren.* " and *Son* are hauling lumber for *Hatcil Delano,* the present " season, I hereby agree to pay said *Warrens* their wages of " twenty-eight dollars per month, for a team of 4 oxen and driver, " out of the net proceeds of said lumber, when sold by me.

" *Samuel Thacher, Jr.*

" *Feb. 4th,* 1832."

It was admitted, that the plaintiffs worked two months, commencing 1*st December,* 1831, and were originally employed by *Delano.*

Whatever may have been the agreement of *Thacher &
Parker* with *Delano*, we cannot think, under the contract with
the plaintiffs in this case, that their right should be restricted by
any other charges than the stumpage on the lumber, which was
$126,26. The nett proceeds of the lumber, when sold, are to be
ascertained by deducting that sum from the $536,60, for which
the 547 logs sold, and which was received by *Thacher & Parker*,
whom the defendant represents.

There was then four hundred and ten dollars, thirty-four cents
nett proceeds in the hands of the defendant, and as the demand
was seasonably made, we are all of the opinion, that as the de-
fendant, after the labor was done by the plaintiffs, voluntarily en-
gaged to pay their wages out of the nett proceeds, that he must
perform the engagement. For there is nothing in the case to
show that the defendant made any qualification to the plaintiffs,
that they should be subject to any deduction on account of sup-
plies to *Delano* and *Willis*. No allusion is made to the matter.
And if supplies have been so extensively made to them, the de-
fendant must look to *Delano*, or *Delano* and *Willis*, for indem-
nity. The plaintiffs here make no claim to the logs against the
defendant's lien. But they claim only remuneration for their
labor, from the nett proceeds of the sale, which the defendant
has effected.

And as the case is referred to the opinion of the Court, the
defendant must be defaulted, and judgment rendered for the
plaintiffs.